COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-216-CR

 

 

TONY CARROLL                                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 367TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Tony Carroll was tried on five counts
of indecency with a child.  The jury
found appellant guilty on counts one, four, and five.  In a single point, appellant challenges the
legal sufficiency of the evidence to support his conviction on count one.  We affirm.








Four-year-old M.C. and her younger cousin Skyler
were playing at their grandmother Deborah=s house
one weekend in April 2006 when Deborah discovered M.C. on top of Skyler=s naked
lower half.  Deborah=s
six-year-old daughter, Heather, had been watching, and she told Deborah that
M.C. was kissing Skyler on her privates. 
Deborah asked M.C. if she had seen anybody do this or if anyone had done
it to her.  M.C. replied, APapa T,@ a
nickname she used for appellant, who was her grandfather and Deborah=s
ex-husband.  Deborah called the police
and M.C.=s
father, T.J.

When T.J. confronted appellant, appellant
initially denied that he had touched M.C. but then said that M.C.=s
grandmother DeLena had given him some medicine to put on M.C.=s
privates for a kidney infection when he picked M.C. up from DeLena=s house
and that he had rubbed the medicine on M.C. 
T.J. testified that he did not know of M.C. needing any kind of ointment
or cream at the time and that whenever she had needed medicine, she had only
taken medicine orally. 

DeLena testified that she had always known
whenever M.C. had had any medical condition, and that she could not recall a
time when M.C. needed any ointments applied to her genitals. 








Child Protective Services Investigator Avis Clark
conducted a forensic interview with M.C. during which M.C. told Avis that while
she was staying at appellant=s house,
appellant had Asticked@ his
finger inside her.

Licensed professional counselor Norma McCarthy
performed an extended assessment on M.C. 
During one of their meetings, M.C. told Norma that appellant took out
his Awienie,@ and put
it on her dress.  M.C. explained that she
was standing up as appellant sat in a chair, and Ayellow
stuff@ came
out, splashing him.  Appellant asked M.C.
to touch his Awienie@ and she
did so twice.  M.C. told Norma that
appellant touched M.C.=s privates with his hand more
than five times.  Based on her experience
and training, Norma believed that appellant was arousing or gratifying himself
sexually.

Appellant admitted to Denton County Sheriff=s Office
Investigator Michael Hendrix that he had masturbated in front of M.C. and that
she had touched his penis.  Appellant
said that he never touched M.C. but that she had a bladder infection and that
he put some salve on her genitals to help with the infection.

Paula Fornara, a registered nurse and coordinator
for Denton County sexual assault nurse examiners, testified that bladder
infections are usually treated with oral antibiotics or, in severe cases, IVs,
but not with topical ointments.








Appellant told Robert Harden that while M.C. was
at appellant=s house during spring break, he
gave her a bath and noticed that her genitals were red so he inserted his thumb
inside to inspect her for blisters. 
Appellant denied applying any ointment or salve.  Robert testified that he asked appellant if
M.C. was telling the truth about the allegations and appellant said that she
was telling the truth.  Then appellant
admitted that he had masturbated in her presence and that she had touched his
penis.

Using a doll, M.C., who was six at the time of
trial, demonstrated for the jury how appellant had touched her between her
legs.

On appeal, appellant challenges the legal
sufficiency of the evidence to support the jury=s
finding that he engaged in sexual contact by touching M.C.=s
genitals.

In reviewing legal sufficiency, we consider all
the evidence in the light most favorable to the verdict and determine whether a
rational juror, based on the evidence and reasonable inferences supported by
the evidence, could have found the essential elements of the crime beyond a
reasonable doubt.[2]








A person commits the offense of indecency with a
child if, with the intent to arouse or gratify his sexual desire, he touches
any part of a child=s genitals, even through
clothing, when the child is younger than seventeen years and not the person=s
spouse.[3]

Appellant argues that the evidence is legally
insufficient to support the verdict because the evidence does not show that he
touched M.C.=s genitals.  We disagree.








M.C. told Avis that appellant Asticked@ his
finger inside her.  Norma testified that
M.C. told her that appellant had touched her privates more than five
times.  M. C. demonstrated to the jury
how appellant had touched her between the legs. 
M.C.=s father, T.J., testified that
appellant admitted to him that appellant had applied medicine to M.C.=s
privates.  T.J. also testified that
appellant told him that DeLena had sent ointment with M.C. with instructions to
put it on M.C.=s privates for a kidney infection.  Nurse Fornara testified that the treatment
for bladder infections is usually oral antibiotics, not topical salves or
ointments.  T.J. testified that he did
not know of M.C. needing any topical ointments at the time and could only
recall M.C. taking oral medicines. 
DeLena testified that she was very involved with M.C.=s
day-to-day life, had always known her medical conditions, and had never known
M.C. to have a bladder infection, a urinary tract infection, or any condition
requiring that salve or ointment be applied to her genitals.  Robert Harden testified that appellant
admitted to him that M.C. was telling the truth when she said that appellant
had touched her genitals, and appellant admitted that he had inserted his thumb
into M.C.=s vagina while denying that he
had applied lotion to her genitals.

We hold that the above evidence is legally
sufficient to support appellant=s
conviction as charged in count one of the indictment.  Therefore, we overrule appellant=s sole
point and affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim.
App. 2007).





[3]See Tex. Penal Code Ann. ' 21.11 (Vernon 2003).